FILED _____ LODGED
_____ RECEIVED

NOV 0 4 2010

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                        DEP

10-CV-05805-CMP

# THE UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| RENE L. LARSON and JERROLD A. LARSON, WIFE AND HUSBAND, | ) **CV 10  5805** RBL ) |
| PLAINTIFFS, | ) ) |
| v. | ) **VERIFIED COMPLAINT FOR** ) **QUIET TITLE** |
| WELLS FARGO BANK, N.A., | ) ) **JURY TRIAL DEMANDED** |
| DEFENDANT. | ) ) |

The undersigned Complainant's, RENE L. LARSON and JERROLD A. LARSON, husband and wife, hereinafter **"Plaintiffs"**, HEREBY states that Plaintiffs are of legal age and competent to state on belief and personal knowledge the facts set forth herein as duly noted below are true, correct, complete and presented in good faith in the form of this **VERIFIED COMPLAINT FOR QUIET TITLE** because of a claim against the Plaintiff's real property asserted by WELLS FARGO BANK, N.A., hereinafter "Defendant", is the 'Custodian' of Well Fargo Mortgage Backed Pass – Through Certificates, Series 2005-2 in regards to an alleged foreclosure of an alleged mortgage Loan obligation allegedly secured by a DEED OF TRUST described below as follows (all emphasis may be considered as added):

VERIFIED COMPLAINT
FOR QUIET TITLE

Page 1 of 34

**Rene and Jerrold Larson, Plaintiff**
**532 E. Stonecreek Dr.**
**La Center, WA 98629**
*360-921-2003*

## PARTIES AND VENUE

1. Plaintiffs, in statutory capacity, are residents of **Clark** County, Washington and are established in good faith as Inhabitants of Washington state in their private corporeal capacity, having a paramount security interest over the Plaintiffs and the Subject Property, having claims both registered and unregistered whose mailing address is:

   **532 East Stonecreek Drive, La Center, Washington 98629**

2. **Plaintiff(s)**, are the parties of record with exclusive possessory rights to the below described Subject Property, according to the official records of **Clark** County, Washington.

3. Defendant is a national bank chartered under the National Bank Act and is regulated by the Office of the Comptroller of the Currency (OCC);

4. Defendant's Registered Agent is CORPORATION SERVICE COMPANY, 300 Deschutes Way. SW, STE 304, Tumwater, WA 98501 accepts service for the Defendant via WACHOVIA MORTGAGE, INC., servicer;

5. The subject property is located in **Clark** County, Washington and is legally described as:

   **LOT 36, Stonecreek Estates, according to the Plat thereof recorded in Volume "H" of Plats, Page 868, records of Clark County, Washington. Situated in the County of Clark, State of Washington.**

   The Subject Property has an **Assessor's Parcel Number: 063472244**; and is also commonly known as: **532 East Stonecreek Drive, La Center, Washington 98629**.

### JURISIDICTION

6. Plaintiffs are proceeding without assistance of counsel unschooled in law, *in propria persona*, requesting the court accept direction from *Haines v. Kerner*, 404 U.S. 519

Rene and Jerrold Larson, Plaintiff
532 E. Stonecreek Dr.
La Center, WA 98629

(1972), _Boag v. MacDougall_, 545 US 360 (1982), _Puckett v. Cox_ 456 F2d 233 (1972 Sixth Circuit USCA), and _Conely v. Gibson_, 355 US 41 at 48(1957), wherein the court has directed those who are unschooled in law making pleadings shall have the court look to the substance of the pleadings rather than the form.

7.  The jurisdiction of this Court to hear this claim is per United States Code (USC) Title 28, Section 1331, Federal Question; and the Constitution for the United States of America, Article III, §§ 1,2.

8.  The Amount in controversy exceeds $75,000.00.

9.  Jurisdiction arises under 42 USC § 1963 et seq. as well as the Constitution of the United States and in particular the 7th amendment as this is a "suit at common law".

10. Jurisdiction is also founded upon Diversity. This is a case that arises under Article 4, section 4 of the national Constitution.

11. Thirteenth and Fourteenth Amendments to the national Constitution regarding involuntary servitude, enticement to slavery and other civil rights matters.

12. Title 18 USC regarding fictitious obligations, mail fraud and wire fraud.

13. TILA - Truth in Lending Act (16 USC § 1601), HOEPA - Home Ownership Equity Protection Act (12 CFR 226.32 et. seq.), RESPA - Real Estate Settlement Procedures Act (12 USC § 2601).

14. Title 12 USC § 1813 for definition of a deposit and other provisions of Title 12 USC and Title 18 USC; 12 U.S.C. 1813(i)(1); 12 U.S.C. 1813n (GAAP).

15. Title 12 CFR § 226.32 commonly known as 'Section 32' of Regulation Z, which implements the TRUTH AND LENDING ACT (TILA).

VERIFIED COMPLAINT
FOR QUIET TITLE

**Rene and Jerrold Larson, Plaintiff**
**532 E. Stonecreek Dr.**
**La Center, WA 98629**

16. This matter also includes a Common Law Claim for [past] financing, repair, maintenance, improvement, or performance of an obligation of the subject property regarding corporeal substance of Plaintiff's sweat equity grounded in international and Common Law jurisdiction pursuant to RCW 4.04.010.

## FACTS

17. Plaintiff(s) purchased the Subject Property on or about **January 23, 2004** as evidenced by a Deed recorded at **Clark** County, Washington Auditor's file number **3783228** (copy attached as Exhibit "**A**") and sees no proof to the contrary; and,

18. Plaintiff(s) believe someone other than the real party in interest with access to confidential records, instigated the non-judicial foreclosure without the real party in interest's knowledge, falsely claiming the Subject Property and falsely claiming to be the owner/holder of the alleged mortgage obligation; and, falsely claiming 'standing' by use of such titles as Trustee, Assignee, Nominee, Beneficiary, etc.; and, falsely claiming that Pooling and Servicing Agreements, industry standards, rules, guidelines or other industry-authored writings supersede the law; manipulating account records; falsely reporting a default when it is the *servicer* creating the default; refusing payment in order to create a default; ignoring Borrower' complaints and "qualified written requests"; violating numerous laws and regulations; falsifying records and documents; committing fraud by stating they are the Holder and Owner of the Note when in fact they likely are not; forging documents; creating fictitious documents; triggering the terms of the Deed of Trust without the debt instrument; not adhering to the terms of the loan documents; creating additional false deficiencies through a variety of questionable

**Rene and Jerrold Larson, Plaintiff**
**532 E. Stonecreek Dr.**
**La Center, WA 98629**

practices; committing perjury through misrepresentations; withholding or redacting discovery of evidence; conjuring events that never happened while refusing to provide supporting documentation; payoffs to the attorneys, law enforcement officials, judges, court personnel and government officials; electronic surveillance; wire fraud/mail fraud; conspiracy; fraud in the inducement, unjust enrichment, embezzlement; racketeering, abuse of process, violation of ethics; grand theft; extortion; tax fraud; public corruption; notary fraud; evidence tampering; theft of government services; perjury; felonious influence of public officials; money laundering; insurance fraud; securities fraud; violations of Constitutional and Civil Rights; predatory lending; etc.; (See Exhibit "**B**" Washington Attorney General's letter to Foreclosure Trustee) as follows:

19. **"Fraud destroys the validity of everything into which it enters. It affects fatally even the most solemn judgments and decrees."** *Ira Nudd v. George Burrows* 91 U.S. 426 at 440 (1875);

*Washington Deed of Trust Act is Unconstitutional*

20. The Federal Courts have jurisdiction over the Washington Deed of Trust Act (RCW 61.24) as follows:

21. The Washington Deed of Trust Act (RCW 61.24), hereinafter "Act", is unconstitutional because it does not provide equal access to a remedy for both Borrower and Lender; It vastly favors the Lender over the Borrower; It provides a simple 'streamline' non-judicial remedy for the Lender but it denies a similar remedy for the Borrower; pursuant to the Act, the Borrowers only remedy is judicial; the Act denies the Plaintiffs of due process of law and civil rights;

VERIFIED COMPLAINT
FOR QUIET TITLE

**Rene and Jerrold Larson, Plaintiff**
**532 E. Stonecreek Dr.**
**La Center, WA 98629**

Page  5 of 34

22. The Washington State legislature and Governor intentionally passed, amends and maintains the Act to make it *'easy'* to foreclose by avoiding the court system; BUT, the Act does not provide an equally *'easy'* remedy for stopping a wrongful foreclosure;

23. The Act presumes the alleged Borrower is 'guilty until proven innocent' and the only remedy is a legal action where the Borrower proves he paid all the sums claimed due by the trustee, even if the claims are unproven, hence the Act promotes involuntary servitude and loans made pursuant to the Act are enticements to slavery;

24. The Act subjects the Borrower to involuntary servitude in that the Borrower either pays what is demanded by the trustee, right, wrong or otherwise or be deprived of the asset through non-judicial foreclosure;

25. The Act functions much the same as extortion;

26. By the seemingly happenstance way the privatization of retirement accounts have evolved over the years, the investments and retirement pension funds of the State of Washington, Governor, Legislators, State and County employees, Sheriffs, even Judge's and others are *(or were)* or may be heavily vested in mortgage backed securities/junk bonds and benefit from the *'ease'* of foreclosure plunders to maintain their value; these revenues represent a huge conflict of interest, *quid pro quo,* rendering it impossible for the Plaintiff to receive fair treatment and equal protection under the law; it is not right;

27. The true, even if unwritten, legislative intent of the Act is to protect investments by making the States lending environment as favorable as possible to Lenders regardless of civil rights, due process of law, equal protection under the law, compliance with law, predatory lending practices and even enticements to slavery;

VERIFIED COMPLAINT
FOR QUIET TITLE

Page  6 of 34

**Rene and Jerrold Larson, Plaintiff**
**532 E. Stonecreek Dr.**
**La Center, WA 98629**

28. The most prevalent argument in defense of a Trustee's Deed, in the State of Washington is that regardless of how many acts of fraud, perjury, misconduct and violations of law that it takes to get a trustee's deed recorded, as at RCW 61.24.050, just get it recorded;

29. Then the Act attempts to make a 'safe haven' for all of the fraud, perjury, misconduct and violations of law by declaring that, "[w]hen delivered to the purchaser, the trustee's deed shall convey all of the right, title, and interest in the real and personal property sold at the trustee's sale which the grantor had or had the power to convey at the time of the execution of the deed of trust, and such as the grantor may have thereafter acquired. If the trustee accepts a bid, then the trustee's sale is final as of the date and time of such acceptance if the trustee's deed is recorded within fifteen days thereafter. After a trustee's sale, no person shall have any right, by statute or otherwise, to redeem the property sold at the trustee's sale";

30. The Act fails to provide an equally powerful non-judicial remedy to Borrower;

31. Under the Act it does not matter what atrocities of fraud, perjury, misconduct or violations of law are committed along the way to the trustee's sale, the trustee's deed somehow emerges pure and clean and conveys the property over to the purchaser on the trustee's say so even if the trustee had no power of sale;

32. The Deed of Trust Act vests more power in the Trustee than the Legislature had to give;

33. Additionally, many provisions of the Act are overlooked or by-passed, for example, the provision that 'a trustee's deed must be recorded within fifteen (15) day of the trustee's sale' is not adhered to as evidenced by multiple Washington Appeals Court decisions setting aside the 15 day limit; the trustee is to obtain a written declaration from the

VERIFIED COMPLAINT
FOR QUIET TITLE

**Rene and Jerrold Larson, Plaintiff**
**532 E. Stonecreek Dr.**
**La Center, WA 98629**

Beneficiary showing the Beneficiary owns the Note and Deed of Trust, but there is no penalty for not complying; Compliance with crucial provisions of the Act are dismissed as merely "permissive" and even states so in RCW 61.24.130(5) *"....... of this act are permissive only and do not prohibit the trustee from proceeding with a trustee's sale.........";*

34. The Act fosters a safe haven for predatory lenders in the State of Washington;

35. Based upon the evidence submitted, Plaintiff(s) **deny** the Washington Deed of Trust Act is a certified constitutional act and sees no proof to the contrary and **disclaims** being bound by the unconstitutional act in any way;

36. Plaintiff is granting no waiver for the required Deed of Trust Act;

*Declaration of Default*

37. There is no evidence the Beneficiary of the alleged obligation, in fact, declared a default;

38. The Defendant, as Custodian, has no right, title or interest in the Subject Property, Deed of Trust or Note and lacks any standing to declare a default or to appoint someone else as trustee to declare a default much less foreclose at all;

39. Plaintiff is granting no waiver for the required declaration of default;

40. Based upon the evidence submitted, Plaintiff(s) **deny** the Real Party in Interest executed the required ratification of commencement for the non-judicial foreclosure of the Subject Property and sees no proof to the contrary; failure on the part of the Real Party in Interest to foreclose of their own accord and in their own name would make this foreclosure void; and,

41. A statutory non-judicial process is not exempt from Federal Rule of Civil Procedure

VERIFIED COMPLAINT
FOR QUIET TITLE

**Rene and Jerrold Larson, Plaintiff**
**532 E. Stonecreek Dr.**
**La Center, WA 98629**

17(a) (1) which requires that **"[a]n action must be prosecuted in the name of the real party in interest."** See also, *In re Jacobson*, 402 B.R. 359, 365-66 (Bankr. W.D. Wash. 2009); *In re Hwang*, 396 B.R. 757, 766-67 (Bankr. C.D. Cal. 2008); **"A judgment is void when the court does not have personal or subject matter jurisdiction, or "lacks the inherent power to enter the order involved."** *Petersen*, 16 Wash. App. At 79 (citing *Bresolin*, 86 Wash. 2d. at 245; *Anderson*, 52 Wash. 2d at 761);

42. Plaintiff(s) **demand** strict proof the Real Party in Interest executed ratification of commencement for the non-judicial foreclosure of the Subject Property; and,

### Failure of Consideration

43. There is no evidence the Defendant paid consideration for the beneficial interest in the Note, Deed of Trust or Subject Property;

44. It was never the Plaintiff's intention that the Defendant or the Defendant's Predecessor(s) would fund a loan via the fractional reserve ledger book entry system at no risk or cost to the Lender and then turn around and sell the loan to investors for handsome unjust enrichment and yet not even deliver the loan to the investor as is evidenced by the attached Securitization Audit;

45. If the investor funded a loan or purchased the beneficial interest in a true loan, then the investor is the beneficiary and the investor must be identified and must come forward to declare the default and prosecute the foreclosure in the investors own name; the law does not allow for third party foreclosure even though the Washington Deed of Trust Act does attempt to do so;

46. The investor needs to show a complete endorsement of the original Note which coincides

VERIFIED COMPLAINT
FOR QUIET TITLE

Page 9 of 34

**Rene and Jerrold Larson, Plaintiff
532 E. Stonecreek Dr.
La Center, WA 98629**

with the assignments of the Deed of Trust before taking a benefit from the Subject Property;

47. Plaintiff is granting no waiver for the required consideration;

48. Based upon the evidence submitted, Plaintiff(s) **deny** Defendant paid consideration to purchase the Subject Property and sees no proof to the contrary; payment of consideration is a lawful requisite for title to pass from one party to another when there is a failure of consideration there is no contract and no sale; **"If any part of the consideration for a promise be illegal, or if there are several considerations for any unseverable promise one of which is illegal, the promise, whether written or oral, is wholly void, as it is impossible to say what part or which one of the considerations induced the promise."** _Menominee River Co. v. Augustus Sples L & C Co._, 147 Wis. 559 at p. 574: 132 NW 1118 (1912);

49. Plaintiff(s) **demand** strict proof Defendant paid consideration for the Subject Property;

*Trustee's Deed*

50. REGIONAL TRUSTEE SERVICES CORPORATION lacks power of sale and authority to execute and record a valid Trustee's Deed; because,

51. The Defendant, as Custodian, lacks power and authority to appoint REGIONAL TRUSTEE SERVICES CORPORATION in the first place;

52. The attached Securitization Audit which clearly shows the Defendant is not the Beneficiary;

53. Plaintiff is granting no waiver for the required **TRUSTEE'S DEED;**

54. Based upon the evidence submitted, Plaintiff(s) **deny** the validity of any **TRUSTEE'S DEED** relied upon for the benefit of the Defendant and relating to the Subject Property;

**Rene and Jerrold Larson, Plaintiff**
**532 E. Stonecreek Dr.**
**La Center, WA 98629**

Plaintiff has not seen and does not know who owns or holds the document; the document is required under the Washington Deed of Trust Act (RCW 61.24) by law to convey property to the purchaser; the trustee's sale is void without the properly recorded DEED; copies of the document appear unreliable due to possible electronic recording, possible rubber stamp signatures, forgery, back dating, post dating, false certification, notary fraud, misrepresentations, perjury, hearsay, public corruption, violation of ethics, abuse of process, falsified related records and documents, etc., any one of which invalidates the document making it void; **"The contract is void if it is only in part connected with the illegal transaction and the promise single or entire."** *Guardian Life Insurance v. Guardian Mut. Savings Bank*, 227 Wis. 550, 279 N.W. 79 (1938);

55. Plaintiff(s) **demand** proof of ownership and production of the TRUSTEE'S DEED, production of the related Notary's Journal and strict proof the Signatory had the duly appointed authority to execute the document; and,

*Appointment of Successor Trustee*

56. DAVID J. AGUILAR as signatory of the APPOINTMENT OF SUCCESSOR TRUSTEE, committed perjury and fraud by claiming the Defendant became the Beneficiary by merger;

57. The Securitization Audit clearly shows the subject alleged loan obligation was placed in an Investment Vehicle which had a cut-off date of October 8, 2005, which has nothing to do with any mergers; and further,

58. The Defendant may have become the Investment Vehicle trustee by a merger but NOT the Beneficiary;

**Rene and Jerrold Larson, Plaintiff**
**532 E. Stonecreek Dr.**
**La Center, WA 98629**

59. The Defendant, as Custodian and/or Trustee, had no right to appoint REGIONAL TRUSTEE SERVICES CORPORATON as Successor Trustee or make any appointments whatsoever;

60. Plaintiff is granting no waiver for the required APPOINTMENT OF SUCCESSOR TRUSTEE;

61. Plaintiff(s) **deny** the validity of any **APPOINTMENT OF SUCCESSOR TRUSTEE** relied upon for the benefit of the Defendant and relating to the Subject Property; Plaintiff has not seen and does not know who owns or holds the document(s);  the document is required under the Washington Deed of Trust Act (RCW 61.24) to convey 'power of sale' to the Trustee/Grantor of the Defendant's DEED; failure of the appointment would void the Trustee's notice, sale and deed; copies of the document appear unreliable due to possible electronic recording, possible rubber stamp signatures, forgery, back dating, post dating, false certification, notary fraud, misrepresentations, perjury, hearsay, public corruption, violation of ethics, abuse of process, falsified related records and documents, etc., any one of which invalidates the document making it void; "**The contract is void if it is only in part connected with the illegal transaction and the promise single or entire.**" _Guardian Life Insurance v. Guardian Mut. Savings Bank_, 227 Wis. 550, 279 N.W. 79 (1938);

62. Based upon the evidence submitted, Plaintiff(s) **demand** production of any APPOINTMENT OF SUCCESSOR TRUSTEE, production of the related Notary's Journal and strict proof the Signatory had the duly appointed authority to execute the document; and,

VERIFIED COMPLAINT
FOR QUIET TITLE

**Rene and Jerrold Larson, Plaintiff**
**532 E. Stonecreek Dr.**
**La Center, WA 98629**

*Assignment of Deed of Trust*

63. There are no assignments of public record conveying any beneficial interest in the subject Deed of Trust from World Savings Bank, FSB to any other entity, PERIOD;

64. There is no record of an assignment from World Savings Bank, FSB, to the Defendant;

65. Wells Fargo Bank, N.A. therefor lacks standing to foreclose and/or benefit from a foreclosure of the Subject Property;

66. The below referenced securitization audit shows Wells Fargo Bank, N.A. is only the 'Custodian', it is not the Beneficiary;

67. Plaintiff is granting no waiver for the required ASSIGNMENT OF DEED OF TRUST;

68. Based upon the evidence submitted, Plaintiff(s) **deny** the validity of any **ASSIGNMENT OF DEED OF TRUST** and/or the lack of any valid ASSIGNMENT OF DEED OF TRUST, relied upon for the benefit of the Defendant and relating to the Subject Property; Plaintiff has not seen and does not know who owns or holds the document(s); the document(s) is/are required under the Washington Deed of Trust Act (RCW 61.24) to pass authority to the Assignee necessary to appoint a successor trustee; failure of the assignment(s) or a broken chain of assignments would void the Trustee's appointment, notice sale and deed; copies of the document appear unreliable due to possible electronic recording, possible rubber stamp signatures, forgery, back dating, post dating, false certification, notary fraud, misrepresentations, perjury, hearsay, public corruption, violation of ethics, abuse of process, falsified related records and documents, etc., any one of which invalidates the appointment, trustee's deed and sale, etc.; In *Kluge v. Fugazy*, 145 AD2d 537, 536 NYS2d 92 [2nd Dept., 1988] the Court held

**Rene and Jerrold Larson, Plaintiff**
**532 E. Stonecreek Dr.**
**La Center, WA 98629**

that "**the assignment of a mortgage without transfer of the debt is a nullity and a cause of action for foreclosure must fail.**"; In *Merritt v. Bartholick*, 36 NY 44 [1867] the Court of Appeals held that "**a mortgage is but an incident to the debt which it is intended to secure (cites omitted), the logical conclusion is that a transfer of the mortgage without the debt is a nullity, and no interest is assigned by it. The security cannot be separated from the debt, and exist independently of it. This is the necessary legal conclusion, and recognized as the rule by a long course of judicial decisions.**"; In *MERSCORP, INC. v. Romaine*, 8 NY3d90, 828 NYS2d 266 [2006], Justice Ciparick, in her concurring opinion specifically notes that '**the Court's ruling left for another day the argument "that MERS has violated the clear prohibition against separating a lien from its debt.**";

69. Plaintiff(s) **demand** production of all the ASSIGNMENT OF DEED OF TRUST, production of the underlying Note, production of the related Notary's Journal and strict proof the Signatory(ies) had the duly appointed authority to execute the document(s); and,

*Notice of Trustee's Sale*

70. The Defendant had no authority to appoint REGIONAL TRUSTEE SERVICES CORPORATION as Trustee; furthermore,

71. REGIONAL TRUSTEE SERVICES CORPORATION is governed by three (3) persons of record whose names are CHRIS REBHUHN, President; DEBORAH KAUFMAN, Vice President; CRYSTAL POOLE, Secretary, according to the Washington Secretary of State;

72. CHAD JOHNSON is not a Signatory of record for REGIONAL TRUSTEE SERVICES CORPORATION;

73. CHAD JOHNSON has no visible written authority to issue a NOTICE OF TRUSTEE SALE;

74. CHAD JOHNSON committed perjury and fraud by executing the NOTICE OF TRUSTEE

VERIFIED COMPLAINT
FOR QUIET TITLE

**Rene and Jerrold Larson, Plaintiff**
**532 E. Stonecreek Dr.**
**La Center, WA 98629**

Page 14 of 34

SALE;

75. Plaintiff is granting no waiver for the required NOTICE OF TRUSTEE SALE;

76. Based upon the evidence submitted, Plaintiff(s) **deny** the validity of any **NOTICE OF TRUSTEE'S SALE** relied upon for the benefit of the Defendant and relating to the Subject Property; Plaintiff has never seen and does not know who owns or holds the document; the document is required under the Washington Deed of Trust Act (RCW 61.24); failure caused by invalid appointment of trustee or falsification of the said Notice would invalidate the trustee's notice, sale and deed; copies of the document appear unreliable due to possible electronic recording, possible rubber stamp signatures, forgery, back dating, post dating, false certification, notary fraud, misrepresentations, perjury, hearsay, public corruption, violation of ethics, abuse of process, falsified related records and documents, etc., any one of which invalidates the document making it void; **"The contract is void if it is only in part connected with the illegal transaction and the promise single or entire."** _Guardian Life Insurance v. Guardian Mut. Savings Bank_, 227 Wis. 550, 279 N.W. 79 (1938);

77. Plaintiff(s) **demand** production of the NOTICE OF TRUSTEE'S SALE, production of the related Notary's Journal and strict proof the Signatory: CHAD JOHNSON, had the duly appointed authority to execute the document; and,

_Notice of Default_

78. The subject NOTICE OF DEFAULT is void on its face having been executed on March 8, 2010 by CHAD JOHNSON for REGIONAL TRUSTEE SERVICES CORPORATION for the above stated causes; but also,

VERIFIED COMPLAINT
FOR QUIET TITLE

**Rene and Jerrold Larson, Plaintiff**
**532 E. Stonecreek Dr.**
**La Center, WA 98629**

79. REGIONAL TRUSTEE SERVICES CORPORATION was not appointed as Trustee until March 19, 2010; and again for the record,

80. The Trustee allegedly authorized to execute the NOTICE OF DEFAULT, REGIONAL TRUSTEE SERVICES CORPORATION, lists its governing persons as CHRIS REBHUHN, President; DEBORAH KAUFMAN, Vice President; CRYSTAL POOLE, Secretary according to the Washington Secretary of State;

81. CHAD JOHNSON committed perjury and fraud by executing the NOTICE OF DEFAULT;

82. CHAD JOHNSON has no written visible authority to issue the NOTICE OF DEFAULT;

83. REGIONAL TRUSTEE SERVICES CORPORATION had no written visible authority to execute NOTICE OF DEFAULT; and,

84. Plaintiff is granting no waiver for the required NOTICE OF DEFAULT;

85. Based upon the evidence submitted, Plaintiff(s) **deny** the validity of any **NOTICE OF DEFAULT** relied upon for the benefit of the Defendant and relating to the Subject Property; the Plaintiff has not seen and does not know who owns or holds the document; the document is required under the Washington Deed of Trust Act (RCW 61.24); failure caused by invalid appointment of trustee, invalid assignment of Deed of Trust, false declaration of default would invalidate the notice of default and trustee's notice, sale and deed; copies of the document appear unreliable due to possible electronic recording, possible rubber stamp signatures, forgery, back dating, post dating, false certification, notary fraud, misrepresentations, perjury, hearsay, public corruption, violation of ethics, abuse of process, falsified related records and documents, etc., any one of which invalidates the appointment, trustee's deed and sale,

VERIFIED COMPLAINT
FOR QUIET TITLE

**Rene and Jerrold Larson, Plaintiff**
**532 E. Stonecreek Dr.**
**La Center, WA 98629**

etc., **"The contract is void if it is only in part connected with the illegal transaction and the promise single or entire."** *Guardian Life Insurance v. Guardian Mut. Savings Bank,* 227 Wis. 550, 279 N.W. 79 (1938);

86. Plaintiff(s) **demand** production of the NOTICE OF DEFAULT, production of the related Notary's Journal and strict proof the Signatory: CHAD JOHNSON, had the duly appointed authority to execute the document; and,

*Deed of Trust*

87. The underlying trust represented by the subject Deed of Trust has been broken in a multitude of ways as evidenced by the attached Securitization Audit and Forensic Audit Report:

88. Twelve (12) violations of the Truth in Lending Act (TILA), see attached Forensic Audit Report, page 10;

89. Three (3) violations of the Real Estate Settlement Procedures Act (RESPA), see attached Forensic Audit Report, page 13;

90. Fourteen (14) Predatory Lending violations, see attached Forensic Audit Report, page 14;

91. Defendant and/or Defendant's Predecessor made violations to GAAP and FASB rules by failing to account for Plaintiff's deposited note and credit Plaintiff accordingly **(FAS 125)**;

92. The Defendant and/or Defendant's Predecessors converted the Plaintiff's Note into a bearer instrument and separated it from the Deed of Trust as evidenced by the below referenced Securitization Audit and Notice of Trustee Sale;

93. For non-disclosure;

VERIFIED COMPLAINT
FOR QUIET TITLE

Page 17 of 34

**Rene and Jerrold Larson, Plaintiff**
**532 E. Stonecreek Dr.**
**La Center, WA 98629**

94. Defendant claims to hold the beneficial interest in the Deed of Trust; BUT,

95. The Note appears to have been securitized and sold off to a Investment Vehicle or visa versa; the endorsement is incomplete and fails to coincide with assignments of the subject Deed of Trust;

96. Failure to follow provisions of statutory foreclosure act RCW 61.24;

97. Failure of Consideration; and for other reasons;

98. Plaintiff is granting no waiver for the required Deed of Trust or for breaches made thereto;

99. Based upon the evidence submitted, Plaintiff(s) **deny** the validity of any **DEED OF TRUST** relied upon for the benefit of the Defendant and relating to the Subject Property; the Plaintiff  has not seen and does not know who owns or holds the document; the document is required under the Washington Deed of Trust Act (RCW 61.24); failure caused by broken trust between Grantor and Grantee or assignees, broken chain of assignments, failure of consideration, stolen document, naming of improper party as Beneficiary, would invalidate the deed of trust, all assignments, the notice of default, trustee's appointment, notice, sale and deed; copies of the document appear unreliable due to possible electronic recording, possible rubber stamp signatures, forgery, back dating, post dating, false certification, notary fraud, misrepresentations, perjury, hearsay, public corruption, violation of ethics, abuse of process, falsified related records and documents, etc., any one of which invalidates the document making it void; "**The contract is void if it is only in part connected with the illegal transaction and the promise single or entire.**" _Guardian Life Insurance v. Guardian_

VERIFIED COMPLAINT
FOR QUIET TITLE

**Rene and Jerrold Larson, Plaintiff**
**532 E. Stonecreek Dr.**
**La Center, WA 98629**

*Mut. Savings Bank*, 227 Wis. 550, 279 N.W. 79 (1938); The principals of the following judicial foreclosure case necessarily pertain equally to non-judicial foreclosure: **"To establish a prima facie case in an action to foreclose a mortgage, the Defendant must establish the existence of the <u>mortgage and the mortgage note</u>. It is the law's policy to allow only an aggrieved person to bring a lawsuit . . . A want of "standing to sue," in other words, is just a way of saying that this particular Defendant is not involved in a genuine controversy, and a simple syllogism takes us from there to a "jurisdictional" dismissal"** *Indymac Bank v. Bethley*, 880 N.Y.S. 2d 873 (2009);

100.     Plaintiff(s) **demand** production of the DEED OF TRUST, production of the related Notary's Journal and strict proof the Signatory had the duly appointed authority to execute the document; and,

*Promissory Note*

101.     The Defendant and/or the Defendant's Predecessor permanently un-secured the Note (held by the Investment Vehicle) by separating it from the Deed of Trust (held by Defendant) and delivering neither to the alleged Investor/Beneficiary;

102.     The Note is a fraud on the face; prepared by the original Lender it states: '*...... for a loan I have received......*' but at the time the Note was executed Plaintiff had received no loan; Plaintiff signed the Note in good faith but never received a loan;

103.     Plaintiff was defrauded and never received a receipt for the deposit of the Note;

104.     Plaintiff never received any benefit from the T-Bill purchased from deposit of the Note;

105.     Defendant benefited from 'Use' of the Note, from incomplete endorsement of the

VERIFIED COMPLAINT
FOR QUIET TITLE

**Rene and Jerrold Larson, Plaintiff**
**532 E. Stonecreek Dr.**
**La Center, WA 98629**

Note, from sale of the Note to an Investment Vehicle;

106.     Plaintiff is granting no waiver for presentment of the Note due to failures in disclosure;

107.     Plaintiff is granting no waiver for the required Note or for breaches made thereto; Plaintiff reserve the right to inspect the Note and endorsements;

108.     Based upon the evidence submitted, Plaintiff(s) **deny** the validity of any mortgage Note relied upon for the benefit of the Defendant and relating to the Subject Property; the Plaintiff   has not seen and does not know who owns or holds the Note; The document is required under the Washington Deed of Trust Act (RCW 61.24); Without the said Note the Deed of Trust has nothing to secure in which case it becomes invalid, void; failure of the holder in due course to maintain ownership and possession of both the Note and Deed of Trust would literally un-secure (legally unfasten) the Note and break the underlying trust between Borrower and Lender rendering the Deed of Trust void; the deed of trust, all assignments, the notice of default, trustee's appointment, notice, sale and deed would all become void; copies of the document appear unreliable due to possible rubber stamp signatures, forgery, back dating, post dating, false endorsement, misrepresentations, perjury, hearsay, public corruption, violation of ethics, abuse of process, falsified related records and documents, etc., any one of which invalidates the document making it void; The principals of the following judicial foreclosure case necessarily pertain equally to non-judicial foreclosure: In *Kluge v. Fugazy*, 145  AD2d 537, 536 NYS2d 92 [2nd Dept., 1988] the Court held that "**the assignment of a mortgage without transfer of the debt is a nullity and a cause of action for**

VERIFIED COMPLAINT
FOR QUIET TITLE

**Rene and Jerrold Larson, Plaintiff**
**532 E. Stonecreek Dr.**
**La Center, WA 98629**

foreclosure must fail."; In *Merritt v. Bartholick*, 36 NY 44 [1867] the Court of Appeals held that "a mortgage is but an incident to the debt which it is intended to secure (cites omitted), the logical conclusion is that a transfer of the mortgage without the debt is a nullity, and no interest is assigned by it. The security cannot be separated from the debt, and exist independently of it. This is the necessary legal conclusion, and recognized as the rule by a long course of judicial decisions."; In *MERSCORP, INC. v. Romaine*, 8 NY3d90, 828 NYS2d 266 [2006], Justice Ciparick, in her concurring opinion specifically notes that 'the Court's ruling left for another day the argument "that MERS has violated the clear prohibition against separating a lien from its debt.";   "To establish a prima facie case in an action to foreclose a mortgage, the Defendant must establish the existence of the <u>mortgage and the mortgage note</u>. It is the law's policy to allow only and aggrieved person to bring a lawsuit . . . A want of 'standing to sue," in other words, is just a way of saying that this particular Defendant is not involved in a genuine controversy, and a simple syllogism takes us from there to a "jurisdictional" dismissal" *Indymac Bank v. Bethley*, 880 N.Y.S. 2d 873 (2009); "The contract is void if it is only in part connected with the illegal transaction and the promise single or entire." *Guardian Life Insurance v. Guardian Mut. Savings Bank*, 227 Wis. 550, 279 N.W. 79 (1938);

109.    Plaintiff(s) **demand** production of the related promissory Note, production of the related Notary's Journal and strict proof the Signatory had the duly appointed authority to execute the document; and,

*Cancellation and Return of Note and Deed of Trust*

110.    The Defendant, Defendant's Predecessors nor the Foreclosure Trustee have any intention of Cancelling and Returning the Note and Deed of Trust to the Plaintiff;

**Rene and Jerrold Larson, Plaintiff**
**532 E. Stonecreek Dr.**
**La Center, WA 98629**

because,

111.     The Note does not have a complete endorsement;

112.     Plaintiff is granting no waiver for the required cancelling and returning the Note and Deed of Trust to the Plaintiff;

113.     Based upon the evidence submitted, Plaintiff(s) **deny** the Foreclosure Trustee obtained possession of the subject Note and Deed of Trust so as to Cancel them and return them to the Plaintiff before issuing a Trustee's Deed; Cancellation and return of the Note and Deed of Trust (to Plaintiff) is required under the Deed of Trust; failure to cancel and return the Note and Deed of Trust breaches the underlying trust and subsequently voids the deed of trust, all assignments, the notice of default, trustee's appointment, notice, sale and deed; "*As a general proposition, a party seeking to foreclose a mortgage must own or control the underlying debt.*" See *Gotlib v. Gotlib*, 399 N.J. Super. 295 (App. Div. 2008); *Garroch v. Sherman*. 6 N.J. Eq. 219 (Ch. 1847); and *Bellistri v. Ocwen Loan Servicing, LLC*, 248 S.W. 3d. 619 (Mo. 2009);

114.     Plaintiff(s) **demand** strict proof the mortgage Note and Deed of Trust have been delivered to the Foreclosure Trustee for cancellation and returned to the Plaintiff(s) before the trustee's deed is issued and recorded;

*Certified Accounting*

115.     The Defendant or Defendant's Predecessors failed to disclose how the loan obligation functions and used superior knowledge and manipulation of the accounting to defraud the Plaintiff; Fraud **"usually consists of a misrepresentation, concealment, or nondisclosure of a material fact, or at least misleading conduct, devices, or contrivance."**

VERIFIED COMPLAINT
FOR QUIET TITLE

**Rene and Jerrold Larson, Plaintiff**
**532 E. Stonecreek Dr.**
**La Center, WA 98629**

*Keers and Co. v. American Steel and Pump Corp.* 234 F. supp. 201, 203 (S.D.N.Y. 1964); **"EquiFirst, when making the loan, violated Regulation Z of the Federal Truth in Lending Act 15 USC § 1601 and the Fair Debt Collections Practices Act 15 USC § 1692; "intentionally created fraud in the factum" and withheld from Defendant [/borrower]... "vital information concerning said debt and all of the matrix involved in making the loan"** *Deutsche Bank v. Peabody*, 866 N.Y.S. 2d. 91 (2008);

116.     The Defendant or Defendant's Predecessors stole Plaintiff's credit for deposit of the Plaintiff's Note through fraud;

117.     The Defendant or Defendant's Predecessors stole the T-Bill purchased from deposit of the Plaintiff's Note through fraud and either have or will fraudulently claim it as abandoned property;

118.     The Defendant or Defendant's Predecessors fraudulently induced investors to fund a 'loan' for the Plaintiff so the Defendant or Defendant's Predecessors could avoid using the Plaintiff's Deposit/T-Bill to fund the loan so the Defendant or Defendant's Predecessors in order to steal it and get away undetected;

119.     The Defendant or Defendant's Predecessors never brought any equity of their own to the loan contract; **"A lawful consideration must exist and be tendered to support the Note."** *Anheuser-Busch Brewing Company v. Emma Mason*, 44 Minn. 318, 46 N.W. 558 (1890);

120.     Plaintiff is granting no waiver for the required Certified Accounting which includes an accounting of the Plaintiff's deposit;

121.     Based upon the evidence submitted, Plaintiff(s) **deny** the validity of any

VERIFIED COMPLAINT
FOR QUIET TITLE

**Rene and Jerrold Larson, Plaintiff**
**532 E. Stonecreek Dr.**
**La Center, WA 98629**

Page  23 of 34

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**Certified Accounting** relied upon for the benefit of the Defendant and relating to the Subject Property; which does not include a **credit,** in favor of the Plaintiff, generated by deposit of Plaintiff's Note; Credit for deposit of the Plaintiff's Note would be required under 12 U.S.C. 1813(i)(1); under 12 U.S.C. 1813(i)(1) and 12 U.S.C. 1813n (GAAP), the bank has to account for receiving the Plaintiff's Note;  Plaintiff believes **debits** to the account are likely being fraudulently misrepresented as 'Loan Funds' instead of 'withdrawn funds' or 'purchase funds'; Plaintiff believes the account records are being manipulated to fraudulently prevent the Plaintiff's said initial **credit** from merging with the **debits** bringing the loan balance to **0.00 (zero)**; meaning a default is an accounting and mathematical impossibility without fraudulently corrupting the book entry accounting system; Plaintiff further **claims** all monthly loan payments of principal, interest, insurance and fees are, in fact, fraudulent overbillings and all monthly loan payments constitute overpayments that are due and refundable back to the Plaintiff; Defendant's and/or Defendant's predecessor(s) failure to maintain a comprehensive accounting that incorporates the Plaintiff's **credit** for deposit of Note is a fraud and breach of the underlying trust between Borrower and Lender and voids the Note, deed of trust, all assignments, the notice of default, trustee's appointment, notice, sale and deed; and, **"Party having superior knowledge who takes advantage of another's ignorance of the law to deceive him by studied concealment or misrepresentation can be held responsible for that conduct."** *Fina Supply Co. v. Abilene National Bank*, 726 S.W. 2d 537 (1987); **"A bank is not the holder in due course upon merely crediting the depositors account."** *Bankers Trust v. Nagler*, 23 A.D.2d 645, 257 N.Y.S.2d 298 (1965);

VERIFIED COMPLAINT
FOR QUIET TITLE

Page  24 of 34

**Rene and Jerrold Larson, Plaintiff**
**532 E. Stonecreek Dr.**
**La Center, WA 98629**

122.     Plaintiff(s) **demand** a Certified Accounting of the entire loan transaction which includes the Plaintiff's **credit** on account received for deposit of the subject Note; and,

*Securitization Audit*

**123.**     Plaintiff(s) **Securitization Audit Report,** attached herewith as Exhibit "**C**" and incorporated herein, reveals the Defendant is not the Beneficiary of the alleged loan obligation; and, the Defendant and/or Defendant's predecessor(s) made an unauthorized use and/or took a unauthorized benefit from the Plaintiff's Note without paying consideration to Plaintiff(s) in return; "**UCC § 3-305 TRANSFER OF INSTRUMENT: RIGHTS ACQUIRED BY TRANSFER (c)** Transfer of an instrument, whether any right of the transferor is a negotiation, vests in the transferee any right to the transferor to enforce the instrument, including any right as a holder in due course, **but the transferee cannot acquire rights of a holder in due course by a transfer, directly or indirectly, from a holder in due course if the transferee engaged in fraud or illegality affecting the instrument**.";

124.     Plaintiff(s) **demand** strict proof Defendant and/or Defendant's predecessor(s) have not made an unauthorized 'Use' of, and/or took a benefit from the Plaintiff(s)'s Note by secretly endorsing it and/or converting it into a bearer instrument and/or passing it and/or insuring it against default, without paying consideration to Plaintiff(s) in return;

*Forensic Audit*

125.     Plaintiff(s) **Forensic Audit Report** for the alleged Loan Transaction reveals many **TILA, RESPA and Predatory Lending Violations**; "**If the actor's conduct is a**

VERIFIED COMPLAINT
FOR QUIET TITLE

**Rene and Jerrold Larson, Plaintiff**
**532 E. Stonecreek Dr.**
**La Center, WA 98629**

substantial factor in bringing about harm to another, or the manner in which it neither foresaw nor should have for seen the extent of the harm or the manner in which it occurred does not prevent him from being liable." _Beasley v. U.S,_ 81 F. Supp. 518; the entire Report is attached herewith as Exhibit "**D**" and incorporated herein; the summary is as follows:

1. Total TILA Violations (see p. 10): 12

**2.** Total Potential RESPA Violations (see p. 13): **3**

3. Total Predatory Lending Violations (see p. 14): **14**

126.    The Forensic Audit is very comprehensive and includes Financial & Underwriting Analysis, Truth in Lending Act Analysis, HOEPA Analysis, RESPA Analysis, Predatory Indicators, Potential Additional Claims Analysis, Discrimination, Fraud, Foreign Language Translation, Breach of Contract, Breach of Implied Covenant of Fair Dealing, Breach of Fiduciary Duty, Unjust Enrichment, Unconscionability, Civil Conspiracy, Unfair/Deceptive Business Practices and Other Claims & Recommended Legal Research; The Report further recommends a "QWR" (Qualified Written Request) for evaluating the entire mortgage loan servicing history for breach of contract; Expert witness having **"special knowledge of the subject about which he is to testify"** 26 A. 2d 770, 773 **"An affidavit containing admissible expert opinion on a significant issue of fact is generally sufficient to create a genuine issue of fact."** _J.N. v. Bellingham School Dist. No. 501,_ 74 Wn. App. 49, 871 P.2d 1106; **"A trial is not useless, but absolutely necessary, where there is a genuine issue as to any material fact."** _Balise v. Underwood,_ 62 Wn.2d 195, 381 P.2d 966 (1963); **Quiet Title [is] an equitable action to determine all adverse**

VERIFIED COMPLAINT
FOR QUIET TITLE

**Rene and Jerrold Larson, Plaintiff**
**532 E. Stonecreek Dr.**
**La Center, WA 98629**

1  claims to the property in question; a suit in equity brought to obtain a final

2  determination as to the title of a specific piece of property, such a suit is usually the

3  result of various individuals asserting contradictory rights to the same parcel of land. In

4  such a situation, the court, in order to prevent a multiplicity of suits, will bring all the

5  interested parties together to determine the right and ultimately issue an injunction."

6  164 N.W. 388, 341.

*Qualified Written Request*

127.     Defendant's past failure to answer the Plaintiff's Qualified Written Request is

also an estoppel to the Defendant's foreclosure action and another violation of RESPA

and TILA; **"Silence can only be equated with fraud where there is a legal or moral duty to**

**speak or when an inquiry left unanswered would be intentionally misleading."** *U.S. v.*

*Tweel*, 550 F.2d 297 (1977); **"Your silence is your acquiescence."** *Connally v. General*

*Construction Co.,* 269 U.S. 385, 391;

128.     Based upon the evidence submitted, the Plaintiff(s) **deny** the trustee's sale of the

Subject Property would extinguish the Plaintiff(s) rights, title and interest in and to the

Subject Property and Plaintiff(s) sees no proof to the contrary;

*Civil Rights*

**129.**     Based upon the evidence submitted, the Defendant and/or Defendant's

predecessor(s) are and have deprived the Plaintiff(s) of civil rights, due process of law and

equal protection under the law, through predatory lending practices employed to

deprive Plaintiff(s) of valuable Subject Property without due process of law and

Plaintiff(s) sees no proof to the contrary;

VERIFIED COMPLAINT
FOR QUIET TITLE

Page 27 of 34

**Rene and Jerrold Larson, Plaintiff**
**532 E. Stonecreek Dr.**
**La Center, WA 98629**

*Common Law Lien*

130.    A non-judicial foreclosure of the Subject Property does not extinguish, displace or supersede the Plaintiff's Common Law Lien maintained to constitute a substantive Common Law claim/lien for past financing (original signature Note(s)), repair, maintenance, improvement, or performance of an obligation of the subject property, even if incompletely performed, and does not 'jump' any claim on the Plaintiff's life blood, time, labor, energy, sweat and toil; Common Law Liens supersede mortgages and equity Liens. *Drummons Carriage Co. v. Mills* (1898) 74 NW 966; *Hewitt v. Williams* 47 LaAnn, 742, 17 So. 269; *Carr v. Dail*, 19 SE 235; *McMahon v. Lundin*, 58 NW 827.


# FEDERAL QUESTION

131.    The Plaintiff brings this matter forth to this Court on the grounds of **FEDERAL QUESTIONS** relating to violations of civil rights, constitutional matters, fraud in various matters of accounting pursuant to GAAP, violations of RESPA, TILA and Predatory Lending Violations, issues of securitization and then procedural issues and matters in regards to loan origination, recordation of documents, notarization, authority of signatories, assignments, appointments, notices, trustee's sale and trustee's deed and international common law lien rights.


# DEMAND FOR PROOF

Plaintiff makes the following demands for proof:

VERIFIED COMPLAINT
FOR QUIET TITLE

**Rene and Jerrold Larson, Plaintiff**
**532 E. Stonecreek Dr.**
**La Center, WA 98629**

Page 28 of 34

132.     Plaintiff demands production of the original Note for inspection of the endorsement and comparison to the Assignments of the related Deed of Trust;

133.     Plaintiff demands production of the Trustee's Appointment, Notice of Sale, Deed (if any) and Proof of Sale (if any), Proof of Consideration, all Assignments of Deed of Trust, Certified Accounting, Answer to Qualified Written Request and Explanations about the TILA, RESPA, and Predatory Lending Violations;

134.     Plaintiff demands proof of signatory authority of each person who executed each said document that the Defendant relies on to establish its claim upon the Subject Property; production of the related Notary's Journal and strict proof the Signatory had the duly appointed authority to execute the document;

135.     Plaintiff demands proof the Foreclosure Trustee Cancelled and Returned the promissory Note and Deed of Trust to the Plaintiff;

## FIRST CAUSE OF ACTION

**136.**     Plaintiff re-alleges and incorporates by reference in this Cause of Action each allegation set forth in paragraphs 1 though 135above. Defendant damaged the Plaintiff by benefitting from, or intending to benefit from, a fully executed fraudulent **foreclosure** of the Subject Property.

## SECOND CAUSE OF ACTION

137.     Plaintiff re-allege and incorporates by reference in this Cause of Action each allegation set forth in paragraphs 1 though 136 above. Defendant damaged the Plaintiff

VERIFIED COMPLAINT
FOR QUIET TITLE

**Rene and Jerrold Larson, Plaintiff**
**532 E. Stonecreek Dr.**
**La Center, WA 98629**

Page  29 of 34

by benefiting from, or intending to benefit from, a fraudulent declaration of **default** of the fraudulent mortgage Loan.

## THIRD CAUSE OF ACTION

138.     Plaintiff re-allege and incorporates by reference in this Cause of Action each allegation set forth in paragraphs 1 though 137 above. Defendant damaged the Plaintiff by benefiting, or intending to benefit from, fraudulent **billing and collection** of mortgage Loan payments, or the failure thereof, from the Plaintiff under a false obligation.

## FOURTH CAUSE OF ACTION

139.     Plaintiff re-alleges and incorporates by reference in this Cause of Action each allegation set forth in paragraphs 1 though 138 above. Defendant damaged the Plaintiff by benefiting from, or intending to benefit from, a fraudulent and predatory **loan** to the Plaintiff.

## FIFTH CAUSE OF ACTION

140.     Plaintiff re-alleges and incorporates by reference in this Cause of Action each allegation set forth in paragraphs 1 though 139 above. Defendant damaged the Plaintiff by benefiting from, or intending to benefit from, a fraudulent **representation** that original Lender makes loans but never did make a loan or bring any equity to the loan transaction.

Rene and Jerrold Larson, Plaintiff
532 E. Stonecreek Dr.
La Center, WA 98629

1

2

## SIXTH CAUSE OF ACTION

3

4   141.     Plaintiff re-alleges and incorporates by reference in this Cause of Action each

5          allegation set forth in paragraphs 1 though 140 above. Defendant damaged the Plaintiff

6          by benefiting from, or intending to benefit from, a failure to heed and settle Plaintiff's

7          Common Law Lien before initiating a fraudulent foreclosure and/or purchase of the

8          Subject Property.

9

10

## RELIEF REQUESTED

11

12  WHEREFORE, Plaintiff prays for judgment against the Defendant, as to all causes of action, as

13  follows:

14   142.     For general and special damages according to proof;

15

16   143.     For exemplary and punitive damages;

17   144.     For Plaintiff's reasonable fees and costs necessary to obtain relief;

18   145.     For an order rescinding any Trustee's Deed in connection with the (alleged)

19          mortgage Loan and any other document signed or entered into by the Plaintiff(s) in

20          connection with the mortgage loan;

21   146.     For an order releasing and/or re-conveyance of any Deed of Trust or other

22          document signed or entered into and subsequently recorded in connection with the

23

24          mortgage Loan;

25   147.     For permanent injunction against the Defendant, its assignees, subsidiary,

26          affiliates, successors, agents, servants, officers, directors, employees, and all persons

VERIFIED COMPLAINT                          **Rene and Jerrold Larson, Plaintiff**
FOR QUIET TITLE                                   **532 E. Stonecreek Dr.**
                                                  **La Center, WA 98629**

Page  31 of 34

1   acting in concert with them, directly or indirectly, from engaging in the improper,

2   unlawful, unfair, fraudulent and/or deceptive conduct as described above and

3   according to proof;

4   148.    For the return of all payments of principal and interest as overpayments;

5

6   149.    For an order quieting title in favor of the Plaintiff;

7   150.    And for such other and further relief as this Court may deem just and proper.

8

9                              **VERIFICATION**

10

11  I, the under signed Plaintiff(s)/Affiant(s), do affirm the foregoing Verified Complaint for Quiet

12  Title, the allegations therein, the pleading and contents to be true, correct, complete, to the

13  best of my knowledge, information and belief.

14  Dated: **November  3** , 2010

15                                      FOR: RENE L. LARSON, PLAINTIFF

16

17                                      BY: _Rene L Lar_____

18                              **JURAT**

19  I ___MArk  Eaton___ a Notary Public certify that I know or have satisfactory

20  evidence that _LArson, Rene L_ appeared before me, and signed this

21

22  instrument and acknowledged it to be free and voluntary act for the uses and purposes

23  mentioned in the instrument.

24  I certify under PENALTY OF PERJURY under the laws of the State of Washington, County of

25  _Clark_ that the foregoing paragraph is true and correct.

26

VERIFIED COMPLAINT                      **Rene and Jerrold Larson, Plaintiff**
FOR QUIET TITLE                         **532 E. Stonecreek Dr.**
                                        **La Center, WA 98629**

Page 32 of 34

1

2   _11/3/10_
    DATED:

3

4   Notary Public

MARK W EATON
Notary Public
State of Washington
My Commission Expires
January 09, 2012
SEAL

5   My appointment expires _1/9/12_

6

7                               FOR: JERROLD A LARSON, PLAINTIFF

8

9

10  BY: _____

11

12              **JURAT**

13  I _Melissa D Wagner_ a Notary Public certify that I know or have satisfactory

14  evidence that _Jerrold A Larson_ appeared before me, and signed this

15  instrument and acknowledged it to be free and voluntary act for the uses and purposes

16

17  mentioned in the instrument.

18  I certify under PENALTY OF PERJURY under the laws of the State of Washington, County of

19  _Pierce_ that the foregoing paragraph is true and correct.

20

21  _11/4/2010_
    DATED:

22

23  Notary Public _Melissa D Wagner_

24  My appointment expires _3-16-14_

25

26

VERIFIED COMPLAINT
FOR QUIET TITLE

Page 33 of 34

**Rene and Jerrold Larson, Plaintiff**
**532 E. Stonecreek Dr.**
**La Center, WA 98629**

# ATTACHED EXHIBITS

1. **Exhibit "A"**  **STATUTORY WARRANTY DEED (3783228)**

2. **Exhibit "B"**  **Washington's Attorney General's Letter to Foreclosure Trustee**

3. **Exhibit "C"**  **Securitization Audit Report  w/ Affidavit in Support**

4. **Exhibit "D"**  **Forensic Audit Report  w/ Affidavit in Support**

VERIFIED COMPLAINT
FOR QUIET TITLE

**Rene and Jerrold Larson, Plaintiff**
**532 E. Stonecreek Dr.**
**La Center, WA 98629**