FILED ———— LODGED
———— RECEIVED

**DEC 0 7 2010**

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY ———————————— DEPUTY

# THE UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON AT TACOMA

RENE L. LARSON and JERROLD A.
LARSON, WIFE AND HUSBAND, )
)          CASE NO. 3:10-cv-05805-RBL
)
PLAINTIFFS, )
)          PLAINTIFF'S OFFER FOR
v. )          EARLY SETTLEMENT
)
WELLS FARGO BANK, N.A., )
)
DEFENDANT. )

Plaintiffs, in good faith, hereby submits the following offer for early settlement of the instant matter in compliance with the Court's order regarding early settlement as follows:

LARSON(S) HEREBY offer a tender of Twenty-One Dollars gold and/or silver coin plus other good and valuable consideration worth $241,607.78 (plus any necessary adjustments, See Exhibit "**A**") and/or the subject property to WELLS FARGO BANK, N.A., as a tender of full payment pursuant to UCC 3-603(b)/RCW 62A 3-603(b) in exchange for Larson's original Note and all past, present and future benefits derived there from upon the following proofs of claim:

1. Proof of Claim, WELL FARGO BANK, N.A. is the Note Holder in Due Course and has actual and lawful possession; and,



**10-CV-05805-STMT**

Rene and Jerrold Larson, Plaintiff(s)
532 E. Stonecreek Dr.
La Center, WA 98629

2. Proof of Claim, WELL FARGO BANK, N.A. paid consideration for the subject Note equal to the value of WELLS FARGO BANK'S claim against the Plaintiff; and,

3. Proof of Claim, WELLS FARGO BANK, N.A. has lawful standing to transfer the original Note to the Plaintiff upon tender of said full payment;

4. Proof of Claim, WELL FARGO BANK, N.A. is also the true Beneficiary or true successor in interest to the original Beneficiary;

5. Proof of Claim, WELLS FARGO BANK, N.A. is the Real Party in Interest and no veiled, clandestine or undisclosed third party(ies) such as certificate holders of mortgage-backed securities are involved;

6. Proof of Claim, WELLS FARGO BANKI, N.A. has standing to convey title, free and clear of all encumbrances, to Plaintiff upon full payment;

7. Proof of Claim, WELLS FARGO BANK, N.A. and each of its predecessors are not liable to issue a receipt for the delivery and acceptance of Plaintiff's original Mortgage Note;

8. Proof of Claim, WELLS FARGO BANK, N.A. is not liable to reduce the amount of its claim for TILA violations as follows:
   a. **$2,000.00:** Failed/Notice of Right to Cancel (12 C.F.R § 226.23(b))
   b. **$2,000.00:** Failed/Payment Schedule correctly identified on TIL. 12 C.F.R. §§226.18(g).(h).
   c. **$2,000.00:** Failed/Interest Rate consistent and properly disclosed: Loan app-GFE-Commitment-TIL, variable rate. 12 C.F.R. § 226.17-18.
   d. **$2,000.00:** Failed/Delivered good faith estimates of disclosures (preliminary TILDS) within 3 days of loan application. 12 C.F.R. §§ 226.19(a).
   e. **$2,000.00:** Failed/"Consumer Handbook on Adjustable Rate Mortgages" (CHARM) provided within 3 days of application. [Or equivalent disclosure – see 12 C.F.R. § 226.19(b)].
   f. **$2,000.00:** Failed/Interest-only payment feature adequately disclosed 15 U.S.C. §§ 1638, 12 C.F.R. § 226.17-18.
   g. **$2,000.00:** Failed/Negative-amortization payment feature adequately disclosed. 15

PLAINTIFF'S OFFER FOR
EARLY SETTLEMENT

**Rene and Jerrold Larson, Plaintiff(s)**
**532 E. Stonecreek Dr.**
**La Center, WA 98629**

U.S.C. §§ 1638, C.F.R. § 226.17-18.

   h.   **$2,000.00:** Failed/Itemization of amount financed. C.F.R. § 226.18.

   i.    **$2,000.00:** Failed/Property/Hazard Insurance disclosure provided (choice by consumer). C.F.R. § 226.4(d) (2).

   j.   **$2,000.00:** Failed/Prepayment Penalty disclosed. C.F.R. § 226.18(k).

   k.   **$2,000.00:** Failed/Finance Charge Calculation

   l.    **$2,000.00:** Failed/All disclosures accurately reflect the legal obligation between the _____ parties; 15 U.S.C. §§ 1638, 12 C.F.R. § 226.17

     **$24,000.00  TOTAL TILA VIOLATIONS**

9.  Proof of Claim, WELLS FARGO BANK, N.A. is not liable to reduce its claim for RESPA violations as follows:

   a.   **$1,000.00:** Failed: Informed borrower of intention to transfer the servicing of the loan and/or failed to inform the borrower of the actual transfer within fifteen (15) days before the effective date of the transfer. 24 CFR § 3500.21.

   b.   **$1,000.00:** Failed: Disclosed all affiliated business arrangements. 24 CFR§3500.15.

   c.   **$1,000.00:** Failed: Did not give, provide or receive a hidden fee or thing of value for referral of settlement business, including but not limited to, kickbacks, hidden referral fees, and/or yield spread premiums. 24 CFR§3500.14.

   d.   $6,937.50  Broker Fee (treble damages)

   e.   **$12,375.00**  Yield Spread Premium (treble damages)

     **$22,312.50  TOTAL RESPA VIOLATIONS**

10. Proof of Claim that, WELLS FARGO BANK, N.A. is not liable to reduce its claim for Predatory Lending violations as follows:

   a.   Failed: Mortgage broker and corresponding lender involved.

   b.   Failed: Debt-to-income ratio above 28/36%.

   c.   Failed: Teaser rate involved.

   d.   Failed: Interest rate on 1st was more than 2 points above: 6.08% (2.77 margin) [average US 5/1 ARM rate] or 6.4% [average 30-year fixed]. (Source: Freddie Mac 1/2003-12/2006).

   e.   Failed: Excessive closing Costs/Fees.

   f.    Failed: Prepayment Penalty.

   g.   Failed: Interest-Only Payments.

   h.   Failed: Negative Amortization Payments.

   i.    Failed: Broker Compensation ≥ 2% (including yield spread premium).

   j.   Failed: Loan Flipping – refinance within 3 years of previous loan.

**Rene and Jerrold Larson, Plaintiff(s)**
**532 E. Stonecreek Dr.**
**La Center, WA 98629**

   k.  Failed: Balloon payments.
   l.  Failed: Unsecured Debt Shifted to Secured (i.e., credit cards).
   m.  Failed: Bait & Switch – e.g., borrower initially offered lower rate than final Note.
   n.  Failed: Other unfair, deceptive, or fraudulent practices in transaction.

   **$241,607.78 Forfeiture of Claim**
   **  $69,680.00 Monthly Payments (P&I)**
   **$311,287.78 TOTAL PREDATORY VIOLATIONS**

11. Proof of Claim, WELLS FARGO BANK, N.A. is not liable to reduce its claim for failure to fully answer Plaintiff's 'Qualified Written Request' in the total amount of Larson's subsequent Common Law Lien in the amount of **$2,084,057.08**.

**CONCLUSION:**

   Subject to the above proofs of claim, LARSON offers a tender of Twenty-One Dollars gold and/or silver coin plus other good and valuable consideration worth $241,607.78 (plus any necessary adjustments) and/or the subject property to WELLS FARGO BANK, N.A., as a tender of full payment pursuant to UCC 3-603(b)/RCW 62A 3-603(b) in exchange for Larson's original Note and all the past, present and future benefits derived there from which would include  payments on principal, interest, benefits derived from securitization, assignments, mergers, transfers, insurance, default, sale, trustee's sale, etc. as evidenced by certified accounting acceptable and subject to Larson's approval.

   **\*In regards** to LARSON'S above stated tender, a proof of funds is available on demand but Plaintiff reserve the right to not produce the proof of funds document until WELLS FARGO BANK, N.A. provides the above demanded Proof of Claim.

   **\*\*This offer to tender** full payment in exchange for original Note expires 10 days after delivery not counting the day of delivery.

PLAINTIFF'S OFFER FOR
EARLY SETTLEMENT

Page  4 of 6

Rene and Jerrold Larson, Plaintiff(s)
532 E. Stonecreek Dr.
La Center, WA 98629

1        **\*\*\*DISCHARGE:** The refusal on the part of WELLS FARGO BANK, N.A. to accept this

2    tender in exchange for the original Note shall constitute a "discharge" pursuant to UCC 3-

3    603(b)/ RCW 62A 3-603(b) sufficient to release the order of the Court as follows:

4       1.  Permanent injunction of any and all trustee's sale(s) of the subject property under the

5           subject alleged obligation with prejudice;

6

7       2.  Discharge of the alleged obligation claimed by WELLS FARGO BANK, N.A. with

8           prejudice;

9       3.  Quiet Title to the subject property in favor of LARSON, as Plaintiff, and adverse to

10          WELLS FARGO BANK, N.A., with prejudice;

11      4.  Without further litigation and without further award of monetary damages.

12

13   **DISCLAIMER:** If any part or provision of this offer is deemed to be prohibited by law then that

14   part of the provision is void and affected parts may be withdrawn by Plaintiff.

15   / / /

16   / / /

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26

**Rene and Jerrold Larson, Plaintiff(s)**
**532 E. Stonecreek Dr.**
**La Center, WA 98629**

# VERIFICATION

I, the under signed Plaintiff(s)/Affiant(s), do affirm the foregoing Offer for Early Settlement and contents to be true, correct, complete, to the best of my knowledge, information and belief.

Dated: **December 7th, 2010.**

FOR: RENE L. LARSON, PLAINTIFF

BY: *Rene L. Lar*

FOR: JERROLD A LARSON, PLAINTIFF

BY: *Jerrold A Larson*

## JURAT

I ___DJ Wilson___ a Notary Public certify that I know or have satisfactory evidence that **RENE L. LARSON AND JERROLD A LARSON** appeared before me, and signed this instrument and acknowledged it to be free and voluntary act for the uses and purposes mentioned in the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of Washington, County of ___King___ that the foregoing paragraph is true and correct.

___12/7/10___
DATED:

___Wilson___
Notary Public

My appointment expires ___7/10/12___

SEAL
DJ WILSON
COMMISSION EXPIRES
NOTARY
PUBLIC
JULY 10, 2012
STATE OF WASHINGTON

PLAINTIFF'S OFFER FOR
EARLY SETTLEMENT

Page 6 of 6

**Rene and Jerrold Larson, Plaintiff(s)**
**532 E. Stonecreek Dr.**
**La Center, WA 98629**

# EXHIBIT "A" ATTACHED

# (HEREUNDER)

**NOTICE REQUIRED BY THE**
**FAIR DEBT COLLECTION PRACTICE ACT**
**15 U.S.C. Section 1692**

TS#    01-FWA-102753

11/16/2010

ATTENTION TRUSTORS:

1. You are hereby notified that REGIONAL TRUSTEE SERVICES CORPORATION is attempting to collect a debt and any information obtained will be used for that purpose.

2. As of the date of this letter, you owe $241,607.78. Because of interest, late charges, and other charges that may vary from day to day, or may apply only upon payoff, the amount due on the day you pay may be greater. Hence if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection.

3. The original creditor to whom the debt is/was owed is WORLD SAVINGS BANK, FSB. The current creditor is Wells Fargo Bank, N.A.

4. The debt will be assumed to be valid by REGIONAL TRUSTEE SERVICES CORPORATION unless WITHIN THIRTY DAYS AFTER THE RECEIPT OF THIS NOTICE, in writing, you dispute the validity of the debt or some portion thereof.

5. If you notify REGIONAL TRUSTEE SERVICES CORPORATION in writing, within thirty days after the receipt of this Notice that the debt or any portion thereof is disputed, REGIONAL TRUSTEE SERVICES CORPORATION will provide a verification of the debt, and a copy of the verification will be mailed to you by REGIONAL TRUSTEE SERVICES CORPORATION. In attempting to collect the debt, any information obtained will be used for that purpose.

6. If the current creditor is not the original creditor, and if you make a request to REGIONAL TRUSTEE SERVICES CORPORATION within thirty days after the receipt of this Notice, the name and address of the original creditor will be mailed to you by REGIONAL TRUSTEE SERVICES CORPORATION.

7. Written and/or verbal requests may be made to and further information can be obtained from:

REGIONAL TRUSTEE SERVICES CORPORATION
616 1st Avenue, Suite 500
Seattle, WA 98104
(206) 340-2550

FDCA Notice