1



**10-CV-05805-MISC**

FILED _____ LODGED
_____ RECEIVED
**DEC 0 7 2010**
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUT

5

6

7

8

9

# THE UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON AT TACOMA

10  RENE L. LARSON and JERROLD A.
LARSON, WIFE AND HUSBAND,              )   CASE NO. 3:10-cv-05805-RBL
                                       )
11              PLAINTIFFS,            )
                                       )   PLAINTIFF'S PURPOSED PLAN FOR
12       v.                            )   DISCOVERY AND DEPOSITIONS
                                       )
13  WELLS FARGO BANK, N.A.,            )
                                       )
14              DEFENDANT.             )
    _____)

15

16  Plaintiffs, in good faith, hereby submit the following proposal for the substance of the

17  discovery and depositions as required by the Court's order. Plaintiff desires to discover the

18  following documents so as to determine that the Defendant, WELLS FARGO BANK, N.A. is, in

19  fact, the true Holder in Due Course, Beneficiary, Real Party in Interest who has standing to

20  foreclose Plaintiff's subject property:

21      1.  Produce the signed notarized retainer agreement that Ronald E. Beard, WSBA No.

22          24014, has a contract to represent WELLS FARGO, N.A. in this United States District

23

24          Court, Cause No. 3:10-cv-05805-RBL.

25      2.  Produce the signed notarized retainer agreement that David C. Spellman, WSBA No.

26

**Rene and Jerrold Larson, Plaintiff(s)**
**532 E. Stonecreek Dr.**
**La Center, WA 98629**

15884, has a contract to represent WELLS FARGO, N.A. in this United States District Court, Cause No. 3:10-cv-05805-RBL.

3.  Produce the signed notarized retainer agreement that LANE POWELL, PC has a contract to represent WELLS FARGO BANK, N.A.

4.  Produce the signed notarized retainer agreement that LANE POWELL, PC has a contract to represent WELLS FARGO BANK, N.A. specifically against RENE L. LARSON.

5.  Produce the Notice of Appearance for each attorney to represent WELLS FARGO, N.A. in this particular matter.

6.  Produce documents that insure LANE POWELL, PC, is acting as representative counsel for WELLS FARGO BANK, N.A. and not as debt collectors for its own account.

7.  Produce a secured lien registered in the Washington Secretary of State, UCC DIV., and Clark County, Washington Recorder's Office against RENE L. LARSON, debtor, Ens Legis, as stated in the Notice of Default.

8.  Produce the document that proves WELLS FARGO BANK, N.A. and/or WELLS FARGO BANK, N.A.'S predecessors lent and/or loaned anything of value to Rene L. Larson.

9.  Produce the original loan application.

10. Produce the original Note which proves Rene L. Larson signed a Deed of Trust with WELLS FARGO BANK, N.A. or WELLS FARGO BANK, N.A.'S predecessors.

11. Produce documents that prove WELLS FARGO BANK, N.A. is damaged by Rene L. Larson, i.e., Beneficiary's Declaration of Default.

**Rene and Jerrold Larson, Plaintiff(s)**
**532 E. Stonecreek Dr.**
**La Center, WA 98629**

12. Produce all Delivery and Acceptance Receipts relating to the subject Note.

13. Produce all riders that attach to or belong with the original Note.

14. Produce all allonges (or allonge type documents/instruments) that attach to or belong with the original Note.

15. Produce of the original Deed of Trust.

16. Produce all Delivery and Acceptance Receipts relating to the subject Deed of Trust.

17. Produce of all assignments of the subject Deed of Trust.

18. Produce the Notary Journal wherein each execution of each assignment of the subject Deed of Trust was logged.

19. Produce the Corporate Resolution or other instrument which purports to give the executor of each assignment of subject Deed of Trust a signatory authority.

20. Produce the Clark County, Washington Auditor's File Number under which each assignment of the subject Deed of Trust was recorded.

21. Produce a copy of original receipt issued to RENE L. LARSON for the deposit of the original Note with the WELLS FARGO BANK, N.A. and/or WELLS FARGO BANK, N.A.'S predecessors.

22. Produce a certified accounting showing exactly how Plaintiff's original Note was accounted for on the books of the Defendant and/or Defendant's predecessors.

23. Produce original Notice of Default for Trustee's Sale No. 01-FWA-92521.

24. Produce original Declaration of Wachovia Mortgage by Monica Silva.

25. Produce Corporate Resolution granting signatory authority to Monica Silva.

26. Produce Notary Journal wherein the signature of Monica Silva on the Declaration of

**Rene and Jerrold Larson, Plaintiff(s)**
**532 E. Stonecreek Dr.**
**La Center, WA 98629**

Wachovia Mortgage was logged.

27. Produce original Appointment of Successor Trustee.

28. Produce signatory authority to appoint Successor Trustee.

29. Produce all documents, instruments, accounts and paper work delivered to the Successor Trustee in relation to the Trustee Sale.

30. Produce original Notice of Trustee's Sale No. <u>01-FWA-92521.</u>

31. Produce signatory authority to issue the said Notice of Trustee Sale.

32. Produce the original Discontinuance of Trustee's Sale No. <u>01-FWA-92521.</u>

33. Produce explanation as to why Trustee's Sale No. <u>01-FWA-92521</u>was discontinued/cancelled.

34. Produce explanation as to why discontinuance/cancelation of Trustee's Sale No. <u>01-FWA-92521</u> is not an admission of guilt to wrongful foreclosure.

35. Produce the original Notice of Default for **second** Trustee's Sale No. <u>01-FW-102753</u>

36. Proof of Claim that, WELLS FARGO BANK, N.A. is not liable for TILA violations as follows:

    a.   Failed: Notice of Right to Cancel (12 C.F.R § 226.23(b))

    b.   Failed: Payment Schedule correctly identified on TIL. 12 C.F.R. §§226.18(g).(h).

    c.   Failed: Interest Rate consistent and properly disclosed: Loan app-GFE-Commitment-TIL, variable rate. 12 C.F.R. § 226.17-18.

    d.   Failed: Delivered good faith estimates of disclosures (preliminary TILDS) within 3 days of loan application. 12 C.F.R. §§ 226.19(a).

PLAINTIFF'S PURPOSED PLAN FOR
DISCOVERY AND DEPOSITIONS

**Rene and Jerrold Larson, Plaintiff(s)**
**532 E. Stonecreek Dr.**
**La Center, WA 98629**

e.   Failed: "Consumer Handbook on Adjustable Rate Mortgages" (CHARM)

provided within 3 days of application. [Or equivalent disclosure – see 12

C.F.R. § 226.19(b)].

f.   Failed: Interest-only payment feature adequately disclosed 15 U.S.C. §§

1638, 12 C.F.R. § 226.17-18.

g.   Failed: Negative-amortization payment feature adequately disclosed. 15

U.S.C. §§ 1638, C.F.R. § 226.17-18.

h.   Failed: Itemization of amount financed. C.F.R. § 226.18.

i.   Failed: Property/Hazard Insurance disclosure provided (choice by

consumer). C.F.R. § 226.4(d) (2).

j.   Failed: Prepayment Penalty disclosed. C.F.R. § 226.18(k).

k.   Failed: Finance Charge Calculation

l.   Failed: All disclosures accurately reflect the legal obligation between the

parties; 15 U.S.C. §§ 1638, 12 C.F.R. § 226.17

37. Proof of Claim that, WELLS FARGO BANK, N.A. is not liable for RESPA violations as

follows:

a.   Failed: Informed borrower of intention to transfer the servicing of the loan

and/or failed to inform the borrower of the actual transfer within fifteen

(15) days before the effective date of the transfer. 24 CFR § 3500.21.

b.   Failed: Disclosed all affiliated business arrangements. 24 CFR§3500.15.

c.   Failed: Did not give, provide or receive a hidden fee or thing of value for

referral of settlement business, including but not limited to, kickbacks,

Rene and Jerrold Larson, Plaintiff(s)
532 E. Stonecreek Dr.
La Center, WA 98629

hidden referral fees, and/or yield spread premiums. 24 CFR§3500.14.

38. Proof of Claim that, WELLS FARGO BANK, N.A. is not liable for Predatory Lending violations as follows:

    a.   Failed: Mortgage broker and corresponding lender involved.

    b.   Failed: Debt-to-income ratio above 28/36%.

    c.   Failed: Teaser rate involved.

    d.   Failed: Interest rate on 1st was more than 2 points above: 6.08% (2.77 margin) [average US 5/1 ARM rate] or 6.4% [average 30-year fixed]. (Source: Freddie Mac 1/2003-12/2006).

    e.   Failed: Excessive closing Costs/Fees.

    f.   Failed: Prepayment Penalty.

    g.   Failed: Interest-Only Payments.

    h.   Failed: Negative Amortization Payments.

    i.   Failed: Broker Compensation $\geq$ 2% (including yield spread premium).

    j.   Failed: Loan Flipping – refinance within 3 years of previous loan.

    k.   Failed: Balloon payments.

    l.   Failed: Unsecured Debt Shifted to Secured (i.e., credit cards).

    m.   Failed: Bait & Switch – e.g., borrower initially offered lower rate than final Note.

    n.   Failed: Other unfair, deceptive, or fraudulent practices in transaction.

39. In regards to the Plaintiff's Constitutional challenge to the Washington Deed of Trust Act the Plaintiff would like to have Defendant and/or the Attorney General in and for the State of Washington produce the following:

PLAINTIFF'S PURPOSED PLAN FOR
DISCOVERY AND DEPOSITIONS

Page  6 of 13

**Rene and Jerrold Larson, Plaintiff(s)**
**532 E. Stonecreek Dr.**
**La Center, WA 98629**

a. Proof of Claim that it is the legislative intent of the Deed of Trust Act to allow the Trustee/Successor Trustee to foreclose a Deed of Trust without the Note.

b. Proof of Claim that it is the legislative intent of the Deed of Trust Act to allow the Note and Deed of Trust to be separated and held separately.

c. Proof of Claim that it is the legislative intent of the Deed of Trust Act to abrogate the common law and custom for recordation of an 'Assignment of Deeds of Trust' documents.

d. Proof of Claim that it is the legislative intent of the Deed of Trust Act to abrogate the common law and custom that only a mortgagee has standing to foreclose a Deed of Trust.

e. Proof of Claim that it is the legislative intent of the Deed of Trust Act to empower the thief of a 'bearer mortgage/Deed of Trust' (endorsed in blank) to foreclose a Deed of Trust.

f. Proof of Claim that it is the legislative intent of the Deed of Trust Act to keep the construction of the act ambiguous and unclear to help prevent the FORECLOSED PARTY from discovering who would be required to grant a release of the Deed of Trust upon payoff.

g. Proof of Claim that it is the legislative intent of the Deed of Trust Act to condone vigilante foreclosures of suspected delinquent loans by any public trustee without authorization from the beneficiary.

h. Proof of Claim that it is the legislative intent of the Deed of Trust Act to place FORCLOSING PARTIES, banks, lenders and foreclosure trustee's above the law.

PLAINTIFF'S PURPOSED PLAN FOR
DISCOVERY AND DEPOSITIONS

**Rene and Jerrold Larson, Plaintiff(s)**
**532 E. Stonecreek Dr.**
**La Center, WA 98629**

i.   Proof of Claim that it is the legislative intent of the Deed of Trust Act to make a servicer's assertion that a FORECLOSED PARTY is delinquent stand as conclusive evidence.

j.   Proof of Claim that it is the legislative intent of the Deed of Trust Act to turn a FORECLOSED PARTY'S lack of resources to litigate into an admission of default.

k.   Proof of Claim that it is the legislative intent of the Deed of Trust Act to make it easier for the FORCLOSING PARTY to perform a non-judicial foreclosure of a Deed of Trust than it is to perform a judicial Mortgage foreclosure.

l.   Proof of Claim that it is the legislative intent of the Deed of Trust Act to make it more difficult for the FORECLOSED PARTY to challenge a non-judicial foreclosure of a Deed of Trust than it is to challenge a judicial Mortgage foreclosure.

m.   Proof of Claim that it is the legislative intent of the Deed of Trust Act to make it more difficult for a FORECLOSED PARTY to judicially challenge a foreclosure of a Deed of Trust, **as a Plaintiff**, as compared to the judicial challenge to a Mortgage, **as a Defendant**.

n.   Proof of Claim that it is the legislative intent of the Deed of Trust Act that a judicial challenge by a FORECLOSED PARTY does not, of itself, injunct or even hinder or postpone a non-judicial foreclosure, trustee's sale and/or eviction of tenants before the matter is decided.

o.   Proof of Claim that it is the legislative intent of the Deed of Trust Act that a FORECLOSED PARTY may only injunct a non-judicial foreclosure by posting a

**Rene and Jerrold Larson, Plaintiff(s)**
**532 E. Stonecreek Dr.**
**La Center, WA 98629**

bond with the court clerk after opening of a court action to obtain a judicial injunction of the foreclosure.

p.  Proof of Claim that it is the legislative intent of the Deed of Trust Act that a FORCLOSING PARTY need post no bond at all.

q.  Proof of Claim that it is the legislative intent of the Deed of Trust Act to *presume* the FORECLOSED PARTY is guilty of a default without actual proof.

r.  Proof of Claim that it is the legislative intent of the Deed of Trust Act to force the FORECLOSED PARTY to prove that a 'genuine issue of material facts' exists before an injunction of a trustee's sale issues.

s.  Proof of Claim that it is the legislative intent of the Deed of Trust Act to create 'disparity' between FORECLOSED PARTY and FORCLOSING PARTY.

t.  Proof of Claim that it is the legislative intent of the Deed of Trust Act to allow a *presumed* default to stand as *'fact'* when evidence is introduced which supports a finding of the defaults non-existence, or in other words a simple unverified 'Notice of Default' is intended to be sufficient to commence a non-judicial foreclosure under the act.

u.  Proof of Claim that it is the legislative intent of the Deed of Trust Act to place the more difficult **'burden of proof'** on the FORECLOSED PARTY.

v.  Proof of Claim that it is the legislative intent of the Deed of Trust Act to remove the more difficult **'burden of proof'** from the FORCLOSING PARTY.

w.  Proof of Claim that it is the legislative intent of the Deed of Trust Act to allow the purchaser of a foreclosed property to take possession of the property

Rene and Jerrold Larson, Plaintiff(s)
532 E. Stonecreek Dr.
La Center, WA 98629

before a Trustee's Deed is recorded.

x.  Proof of Claim that it is the legislative intent of the Deed of Trust Act to allow the purchaser of a foreclosed property to take possession of the property before the Trustee/Successor Trustee cancels and returns the Borrowers Note to the FORECLOSED PARTY.

y.  Proof of Claim that it is the legislative intent of the Deed of Trust Act to allow the purchaser of a foreclosed property to take possession of the property without the Trustee/Successor Trustee ever cancelling and returning the Borrowers Note to the Borrower.

z.  Proof of Claim that it is the legislative intent of the Deed of Trust Act to force the FORECLOSED PARTY to surrender both the foreclosed Property and the Note.

aa. Proof of Claim that it is the legislative intent of the Deed of Trust Act to provide an advantage to the FORCLOSING PARTY over the FORECLOSED PARTY.

bb. Proof of Claim that it is the legislative intent of the Deed of Trust Act to deny equal protection under the law to the FORECLOSED PARTY over the FORCLOSING PARTY.

cc. Proof of Claim that it is the legislative intent of the Deed of Trust Act to create the *presumption* a FORECLOSED PARTY has **'abandoned'** the related Property if a simple unverified default is declared [by anyone].

dd. Proof of Claim that it is the legislative intent of the Deed of Trust Act to allow foreclosed Property to be acquired as **'abandoned'** property.

PLAINTIFF'S PURPOSED PLAN FOR
DISCOVERY AND DEPOSITIONS

**Rene and Jerrold Larson, Plaintiff(s)**
**532 E. Stonecreek Dr.**
**La Center, WA 98629**

Page 10 of 13

ee. Proof of Claim that it is the legislative intent of the Deed of Trust Act to allow foreclosed Property to be acquired as **'abandoned'** property free of any tax liability.

ff. Proof of Claim that it is the legislative intent of the Deed of Trust Act that the act should be loosely written and/or constructed so as to provide loopholes wherein foreclosed Property can be acquired free of any tax liability.

gg. Proof of Claim that it is the legislative intent of the Deed of Trust Act that loopholes in the Act make it possible for a clandestine party to foreclose the related Property without detection.

hh. Proof of Claim the 'Washington Deed of Trust Act' is the legislative embodiment of an insurgency against the National Emergency declared June 5, 1933 (and continued to present) and against the U.S. Constitution; and, said 'Act' is designed for the purpose of delivering unjust enrichment to the FORECLOSING PARTY by taking property from the FORECLOSED PARTY without due process of law; thus, the 'Act' creates disparity by subverting the remedy given to Individuals who have lost their ability to pay obligations at law with lawful money upon which title transfers by operation of law; and, by this means a sovereign is brought under involuntary servitude without due process of law for the enrichment of those with superior knowledge of the workings of the fiat monetary system through a lending ruse which is predatory and designed to disenfranchise Individuals of possessory rights to property through a misrepresentation, manipulation, misuse and/or abuse of

PLAINTIFF'S PURPOSED PLAN FOR
DISCOVERY AND DEPOSITIONS

Page 11 of 13

**Rene and Jerrold Larson, Plaintiff(s)**
**532 E. Stonecreek Dr.**
**La Center, WA 98629**

1          the national fiat monetary system.

2 The Plaintiff has presented the above information to set the tone for the type and level of

3 discovery and depositions that Plaintiff seeks in the instant matter.

4 / / /

5 / / /

6 / / /

7 / / /

8 / / /

9 / / /

10 / / /

11 / / /

12 / / /

13 / / /

14 / / /

15 / / /

16 / / /

17 / / /

18 / / /

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

PLAINTIFF'S PURPOSED PLAN FOR
DISCOVERY AND DEPOSITIONS

Rene and Jerrold Larson, Plaintiff(s)
532 E. Stonecreek Dr.
La Center, WA 98629

Page  12 of 13

# VERIFICATION

I, the under signed Plaintiff(s)/Affiant(s), do affirm the foregoing Early Settlement Proposal and Tender and contents to be true, correct, complete, to the best of my knowledge, information and belief.

Dated: **December 2ⁿᵈ, 2010.**

FOR: RENE L. LARSON, PLAINTIFF

BY: _Rene L. Lar_

FOR: JERROLD A LARSON, PLAINTIFF

BY: _Jerrold A Larson_

## JURAT

I _DJ Wilson_ a Notary Public certify that I know or have satisfactory evidence that **RENE L. LARSON AND JERROLD A LARSON** appeared before me, and signed this instrument and acknowledged it to be free and voluntary act for the uses and purposes mentioned in the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of Washington, County of _King_ that the foregoing paragraph is true and correct.

_12/7/10_
DATED:

_DJ Wilson_
Notary Public

SEAL

My appointment expires _7/10/12_

DJ WILSON
COMMISSION EXPIRES
NOTARY
---
PUBLIC
JULY 10, 2012
STATE OF WASHINGTON

PLAINTIFF'S PURPOSED PLAN FOR
DISCOVERY AND DEPOSITIONS

Page 13 of 13

**Rene and Jerrold Larson, Plaintiff(s)**
**532 E. Stonecreek Dr.**
**La Center, WA 98629**