

10-CV-05805-DISCL

```
_____ FILED    _____ LODGED
        _____ RECEIVED

        JAN 28 2011

       CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                           DEPUTY
```

# THE UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON AT TACOMA

RENE L. LARSON and JERROLD A. )
LARSON, WIFE AND HUSBAND,     )  CASE NO. 3:10-cv-05805-RBL
                              )
           PLAINTIFFS,        )
                              )  PLAINTIFF'S INITIAL DISCLOSURES
    v.                        )
                              )
WELLS FARGO BANK, N.A.,       )
                              )
           DEFENDANT.         )
_____)

Rene L. Larson and Jerrold A. Larson, Plaintiff in this action, hereby provides the following initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

I. GENERAL RESPONSES

1. The disclosures herein are preliminary, and Plaintiff's reserves the right to supplement these disclosures as warranted by continuing discovery and investigation.

2. In providing this Disclosure Statement, Plaintiff's do not waive, but instead expressly reserves, any and all objections, including but not limited to those based on the, the work product doctrine, relevance, materiality and/or discoverability of information that the Defendant, Wells Fargo Bank, N.A., may seek in this action.

PLAINTIFF'S FIRST REQUEST FOR            Rene and Jerrold Larson, Plaintiff(s)
PRODUCTION                                        532 E. Stonecreek Dr.
                                                  La Center, WA 98629

Page 1 of 5

## II. DISCLOSURES

1. **Federal R. Civ. P. 26(a)(1)(A)(i): "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."**

   **Plaintiff's Response:** Plaintiff's have not yet determined or identified every individual likely to have discoverable information concerning Plaintiff's claim. To the extent known to the Plaintiff's the following are the names of the individuals who may have discoverable information concerning Plaintiff's claim.

   a. Regional Trustee Services Corporation, Registered Agent: ROBINSON TAIT, PS, located at 710 2nd Avenue, Suite 710, Seattle, Washington 98104. Regional is the successor trustee appointed to foreclose the subject property and should have many if not all the documents on hand which the Plaintiff desires to inspect.

   b. Laura Mathews. PO Box 99700, Lakewood, WA 98496. Tele; (253) 389-6945. Ms. Mathews is the independent loan auditor who produced Plaintiff's Securitization Audit and Forensic Audit.

   c. Name, Address and phone number of the custodian of the Wells Fargo Bank, N.A.'s custodian who has charge of Rene L. Larson's alleged loan documents, application, records, promissory note, deed of trust and other the records relating the alleged loan which Wells Fargo Bank, N.A. ought to have.

   d. Name, Address and phone number of the custodian of the Wells Fargo Mortgage Asset-Backed Pass-Through Certificates, Series 2005-2, CIK

PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Rene and Jerrold Larson, Plaintiff(s)
532 E. Stonecreek Dr.
La Center, WA 98629

0001342885.

e. Name, Address and phone number of the Wells Fargo Mortgage Asset-Backed Pass-Through Certificates, Series 2005-2, CIK 0001342885, fund manager.

f. All potential witnesses identified by the Defendant and any individuals subsequently identified in discovery.

g. Any necessary rebuttal witnesses.

2. **Fed. R. Civil P. 26(a)(1)(A)(ii):** "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may be used to support Plaintiff's claim, unless the use would be solely for impeachment."

**Plaintiff's Response:** Plaintiff does not have any original, complete, current, true and correct copies of the alleged loan documents, related or supporting documents, note, note endorsements, deed of trust or deed of trust assignments, appointments, notices, declaration's or affidavit's evidencing the alleged loan. Plaintiff's have available some incomplete stale mostly unsigned or blank copied documents that are largely inadmissible pursuant to the Federal Rules of Evidence. Plaintiff has and relies upon Statutory Warranty Deed (3783228), Securitization Audit Report w/ Affidavit of Laura Mathews, Forensic Audit Report w/ Affidavit of Laura Mathews, various claims for the note, Plaintiff also has copies of case no. 10 2 01222 6 filed in the Superior Court of the State of Washington for Clark County involving Larson, as Plaintiff and Regional Trustee Services Corporation and may be able to obtain transcripts of the related hearings from

the court. Plaintiff will do everything possible to produce anything the Defendant request but will make appropriate claims of privilege or similar reason for non-production with its responses to discovery requests. Plaintiff reserves the right to supplement and/or amend this Disclosure Statement based upon subsequent events, investigation, and/or discovery in this action.

3. **Fed. R. Civ. P. 26(a)(1)(A)(iii): "a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered."**

   <u>Plaintiff's Response:</u> Plaintiff claims as damages the value of the subject property which the Defendant has acted to foreclose, the value of the Rene L. Larson's note, all past payments of principal, interest, property tax, insurance payments, all the value of the time, labor, energy expending constituting sweat equity in maintaining the property, and in the said note, as well as costs and fees incurred in legally defending the property to quiet title.

4. **Fed. R. Civ. P. 26(a)(1)(A)(iv): "for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."**

   <u>Plaintiff's Response:</u> Plaintiff had a title insurance policy at the time of closing but does not believe it affects this action, other than that Plaintiff has no knowledge of any

PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION

**Rene and Jerrold Larson, Plaintiff(s)**
532 E. Stonecreek Dr.
La Center, WA 98629

other insurance agreements that reimburse or satisfy judgments.

Respectfully submitted, **January 28, 2011.**

FOR: RENE L. LARSON, PLAINTIFF

BY: _Rene L. La____

FOR: JERROLD A. LARSON, PLAINTIFF

BY: _Jerrold A_____

**JURAT**

I _Valerie Cross_____ a Notary Public certify that I know or have satisfactory evidence that **JERROLD A LARSON AND RENE L. LARSON** appeared before me, and signed this instrument and acknowledged it to be free and voluntary act for the uses and purposes mentioned in the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of Washington, County of _Clark_____ that the foregoing paragraph is true and correct.

_January 28, 2011_
DATED:

_____
Notary Public

My appointment expires _August 02, 2011_

[SEAL: Notary Public, State of Washington, VALERIE T CROSS, My Appointment Expires Aug 2, 2011]